# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA

JESSE CARDENAS MARTINEZ,

Plaintiff,

v.

FRANK BISIGNANO, Commissioner of Social Security

Defendant.

_______________________________________/

Case No. 1:26-cv-00468-EGC

**ORDER ON PLAINTIFF'S SOCIAL SECURITY COMPLAINT**

(Doc. 1)

## I. INTRODUCTION

Plaintiff Jesse Cardenas Martinez ("Plaintiff") seeks judicial review of a final decision of the Commissioner of Social Security (the "Commissioner" or "Defendant") denying his applications for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act (the "Act"). (Doc. 1). The matter is currently before the Court on the parties' briefs, which were submitted, without oral argument, to the Honorable Erin E. Guy Castillo, United States Magistrate Judge.[1]

## II. BACKGROUND

Plaintiff was born in 1990. (Administrative Record ("AR") 248). He earned a high school diploma. (AR 272). Plaintiff filed applications for DIB and SSI, alleging he became disabled on November 20, 2019. (AR 248–58).

---

[1] The parties consented to the jurisdiction of a U.S. Magistrate Judge. (*See* Doc. 9).

**A. Administrative Proceedings**

The Commissioner denied Plaintiff's applications for benefits initially on January 6, 2021, and again on reconsideration on November 30, 2021. (AR 83–122). Consequently, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (AR 141–42). The ALJ conducted a hearing on June 4, 2024. (AR 43–82). Plaintiff appeared at the hearing with his attorney and testified as to his alleged disabling conditions and work history. (AR 69–77).

A Medical Expert ("ME"), psychiatrist Dr. Aminian, also testified at the hearing. (AR 51–68). In relevant part, in response to the ALJ's question "[d]o you think [Plaintiff would] have any problem with complex tasks and focusing on dealing [with] very complex work," the ME testified that "if [Plaintiff is] having anxiety . . . doing complex work is not appropriate for him." (AR 55–56).

**B. The ALJ's Decision**

In a decision dated July 26, 2024, the ALJ found that Plaintiff was not disabled. (AR 20–42). The ALJ conducted the five-step disability analysis set forth in 20 C.F.R. § 404.1520. (AR 25–42). The ALJ decided that Plaintiff had not engaged in substantial gainful activity since November 20, 2019. (AR 25). At step two, the ALJ found Plaintiff's following impairments to be severe: seizure disorder, left lomonymous meianopsia, anxiety, and depression. (AR 26). The ALJ then determined that Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 ("the Listings") (step three). (AR 26–27). Specifically, as to mental impairments, the ALJ determined that Plaintiff was moderately limited as to his ability to interact with others and markedly limited as to his ability to concentrate, persist or maintain pace. (AR 26). However, the ALJ observed that these limitations were insufficient to qualify as severe impairments under the criteria of "paragraph B." (AR 27).

The ALJ assessed Plaintiff's residual functional capacity (RFC)[2] and applied the assessment

---

[2] RFC is an assessment of an individual's ability to do sustained work-related physical and mental activities in a work setting on a regular and continuing basis of eight hours a day, for five days a week, or an equivalent work schedule. Titles II & XVI: Assessing Residual Functional Capacity in Initial Claims, Social Security Ruling ("SSR") 96-8P (S.S.A. July 2, 1996). The RFC assessment considers only functional limitations and restrictions that result from an individual's medically determinable impairment or combination of impairments. *Id.* "In determining a

at steps four and five. *See* 20 C.F.R. § 404.1520(a)(4) ("Before we go from step three to step four, we assess your residual functional capacity . . . . We use this residual functional capacity assessment at both step four and step five when we evaluate your claim at these steps."). The ALJ determined that Plaintiff had the following RFC:

> [T]o perform light work as defined in 20 CFR 404.1567(b) and 416.967(b) except the claimant is frequently able to climb ramps and stairs and is never able to climb ladders, ropes and/or scaffolds. The claimant is frequently able to balance, crouch, kneel and stoop, and is occasionally able to crawl. The claimant should not work in environments exposing him to unprotected heights, machinery with dangerous, moving mechanical parts or direct sunlight, and should not operate a motor vehicle while working. The claimant can perform jobs which can be performed with monocular vision, and is able to perform jobs of a non-complex nature requiring the performance of no more than simple, routine tasks. The claimant is able to maintain occasional contact with co-workers and members of the general public.

(AR 27; *see also id.* 27–33). The ALJ further found that as to Plaintiff's "statements about the intensity, persistence, and limiting effects of his symptoms, they are inconsistent with the record as a whole." (AR 32).

The ALJ then determined that Plaintiff could not perform his past relevant work (step four), but that, given his RFC, he could perform a significant number of jobs in the national economy (step five). (AR 33–34). In making this determination, the ALJ relied on the Vocational Expert's ("VE") answers to a series of hypothetical questions the ALJ posed to the VE during the hearing. (*Id.*). The VE testified that a person with the RFC specified above could perform the jobs of office clerk, mail clerk, or shipping and receiving weigher. (AR 79–80). The ALJ ultimately concluded Plaintiff was not disabled at any time after November 20, 2019, the alleged onset date. (AR 34).

Plaintiff sought review of this decision before the Appeals Council, which denied review on August 22, 2025. (AR 1–7). Therefore, the ALJ's decision became the final decision of the Commissioner. 20 C.F.R. § 404.981.

## III. LEGAL STANDARD

### A. Applicable Law

An individual is considered "disabled" for purposes of disability benefits if [they are] unable

---

claimant's RFC, an ALJ must consider all relevant evidence in the record, including, inter alia, medical records, lay evidence, and 'the effects of symptoms, including pain, that are reasonably attributed to a medically determinable impairment.'" *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 883 (9th Cir. 2006).

"to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months." 42 U.S.C. § 423(d)(1)(A). However, "[a]n individual shall be determined to be under a disability only if [their] physical or mental impairment or impairments are of such severity that [they are] not only unable to do [their] previous work but cannot, considering [their] age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." *Id.* § 423(d)(2)(A).

"The Social Security Regulations set out a five-step sequential process for determining whether a claimant is disabled within the meaning of the Social Security Act." *Tackett v. Apfel*, 180 F.3d 1094, 1098 (9th Cir. 1999) (citing 20 C.F.R. § 404.1520). The Ninth Circuit has provided the following description of the sequential evaluation analysis:

> In step one, the ALJ determines whether a claimant is currently engaged in substantial gainful activity. If so, the claimant is not disabled. If not, the ALJ proceeds to step two and evaluates whether the claimant has a medically severe impairment or combination of impairments. If not, the claimant is not disabled. If so, the ALJ proceeds to step three and considers whether the impairment or combination of impairments meets or equals a listed impairment under 20 C.F.R. pt. 404, subpt. P, [a]pp. 1. If so, the claimant is automatically presumed disabled. If not, the ALJ proceeds to step four and assesses whether the claimant is capable of performing [their] past relevant work. If so, the claimant is not disabled. If not, the ALJ proceeds to step five and examines whether the claimant has the [RFC] . . . to perform any other substantial gainful activity in the national economy. If so, the claimant is not disabled. If not, the claimant is disabled.

*Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). "If a claimant is found to be 'disabled' or 'not disabled' at any step in the sequence, there is no need to consider subsequent steps." *Tackett*, 180 F.3d at 1098 (citing 20 C.F.R. § 404.1520).

"The claimant carries the initial burden of proving a disability in steps one through four of the analysis." *Burch*, 400 F.3d at 679 (citing *Swenson v. Sullivan*, 876 F.2d 683, 687 (9th Cir. 1989)). "However, if a claimant establishes an inability to continue [their] past work, the burden shifts to the Commissioner in step five to show that the claimant can perform other substantial gainful work." *Id.* (citing *Swenson*, 876 F.2d at 687).

**B. Scope of Review**

"This court may set aside the Commissioner's denial of [social security] benefits [only] when

the ALJ's findings are based on legal error or are not supported by substantial evidence in the record as a whole." *Tackett*, 180 F.3d at 1097 (citation omitted). "Substantial evidence . . . is 'more than a mere scintilla,'" and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 587 U.S. 97, 103 (2019) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)); *see also Ford v. Saul*, 950 F.3d 1141, 1154 (9th Cir. 2020).

"This is a highly deferential standard of review." *Valentine v. Comm'r of Soc. Sec. Admin.*, 574 F.3d 685, 690 (9th Cir. 2009). "The ALJ's findings will be upheld if supported by inferences reasonably drawn from the record." *Tommasetti v. Astrue*, 533 F.3d 1035, 1038 (9th Cir. 2008) (citation omitted). Additionally, "[t]he court will uphold the ALJ's conclusion when the evidence is susceptible to more than one rational interpretation." *Id.*; *see*, *e.g.*, *Edlund v. Massanari*, 253 F.3d 1152, 1156 (9th Cir. 2001) ("If the evidence is susceptible to more than one rational interpretation, the court may not substitute its judgment for that of the Commissioner." (citations omitted)).

Nonetheless, "the Commissioner's decision 'cannot be affirmed simply by isolating a specific quantum of supporting evidence.'" *Tackett*, 180 F.3d at 1098 (quoting *Sousa v. Callahan*, 143 F.3d 1240, 1243 (9th Cir. 1998)). "Rather, a court must 'consider the record as a whole, weighing both evidence that supports and evidence that detracts from the [Commissioner's] conclusion.'" *Id.* (quoting *Penny v. Sullivan*, 2 F.3d 953, 956 (9th Cir. 1993)).

Finally, courts "may not reverse an ALJ's decision on account of an error that is harmless." *Molina v. Astrue*, 674 F.3d 1104, 1111 (9th Cir. 2012) (citing *Stout v. Comm'r, Soc. Sec. Admin.*, 454 F.3d 1050, 1055–56 (9th Cir. 2006)). Harmless error "exists when it is clear from the record that 'the ALJ's error was inconsequential to the ultimate nondisability determination.'" *Tommasetti*, 533 F.3d at 1038 (quoting *Robbins v. Soc. Sec. Admin.*, 466 F.3d 880, 885 (9th Cir. 2006)). "[T]he burden of showing that an error is harmful normally falls upon the party attacking the agency's determination." *Shinseki v. Sanders*, 556 U.S. 396, 409 (2009) (citations omitted).

## IV. DISCUSSION

Plaintiff asserts a single claim of error: that the ALJ's decision was internally inconsistent. (*See* Doc. 14 at 5–9). More specifically, Plaintiff contends that the ALJ erred in assessing a marked

limitation in Plaintiff's ability to concentrate, persist, or maintain pace at step three, (AR 26), but then failed to include a corresponding accommodation in the RFC. The Commissioner contends that the ALJ's finding that Plaintiff had marked limitations in this area relates only to the ALJ's step three findings, and not the RFC assessment at step four. (Doc. 18 at 5). The Commissioner further contends that Plaintiff fails to show the record warranted mental limitations beyond those assessed in the RFC. (*Id.* at 5–7). While the Court agrees with Plaintiff that the ALJ was required to translate any limitation—even one stemming from a non-severe impairment—into Plaintiff's RFC, the Court ultimately agrees with the Commissioner that the ALJ's assessed RFC sufficiently accounted for Plaintiff's limitations as found by the ALJ.

ALJs "follow a special technique at each level in the administrative review process" when evaluating the severity of mental impairments to evaluate the "functional consequences of the mental disorder(s) relevant to [the claimant's] ability to work." 20 C.F.R. § 404.1520a(a). This is referred to as the Psychiatric Review Technique or "PRT." *See* Social Security Ruling (SSR) 96-8p, 1996 WL 374184, at *4 (July 2, 1996). It "requires adjudicators to assess an individual's limitations and restrictions from a mental impairment(s) in categories identified in the "paragraph B" and "paragraph C" criterial of the adult mental disorders listings." *Id.*

The ALJ rates the degree of any mental functional limitation in four broad functional areas: the ability to understand, remember, or apply information; the ability to interact with others; the ability to concentrate, persist, or maintain pace; and the ability to adapt or manage oneself. 20 C.F.R. § 404.1520a(c). The degree of limitation is rated using a five-point scale: none, mild, moderate, marked and extreme. *Id.* If the impairment is rated "none" or "mild," then the ALJ "will generally conclude that [the] impairment[s] is not severe." 20 C.F.R. § 404.1520a(d)(1). If the ALJ finds that there is a severe mental impairment, then the ALJ will assess the RFC. 20 C.F.R. § 404.1520a(d)(3). Here, the ALJ found that Plaintiff was moderately limited as to his ability to interact with others and markedly limited as to his ability to concentrate, persist or maintain pace. (AR 26).

The first question presented is whether the ALJ was required to incorporate this limitation into the RFC at all. Relying on SSR 96-8P, the Commissioner argues that "the ALJ correctly recognized that the step-three finding was not the same as the residual functional capacity finding."

(Doc. 18 at 5).

The Commissioner is correct that SSR 96-8P states that "[t]he limitations identified in the 'paragraph B' and 'paragraph C' criteria are not an RFC assessment but are used to rate the severity of mental impairment(s) at steps 2 and 3 of the sequential evaluation process." SSR 96-8P, 1996 WL 374184, at *4. SSR 96-8P goes on to state that the mental RFC assessment used at steps four and five "requires a more detailed assessment" and ALJs are instructed to "itemize[e] various functions contained in the broad categories found in paragraphs B and C of the adult mental disorders listings in 12.00 of the Listing of Impairments." *Id.* This same SSR is clear, however, "[i]n assessing RFC, the adjudicator must consider limitations and restrictions imposed by all of an individual's impairments, even those that are not 'severe.'" *Id.* at *5. And indeed, the agency's own regulations require an ALJ to account for the functional limitations caused by even non-severe impairments when formulating the RFC finding. *See* 20 C.F.R. §§ 404.1523, 404.1545(a)(2) (requiring adjudicators to consider the functional effects of even non-severe impairments when formulating the RFC finding).

Therefore, because Plaintiff's marked limitation in ability to concentrate, persist or maintain pace was to be incorporated into the RFC, the Court must next determine whether the RFC adequately accounts for that limitation.

The Commissioner argues that Plaintiff has not established that the record warranted mental limitations in the RFC beyond those assessed by the ALJ. The Court agrees.

In the RFC discussion, the ALJ acknowledged Dr. Aminian's testimony that "if [Plaintiff] is having anxiety about seizures reoccurring, doing complex work is not appropriate for him," (AR 55–56), and stated that the ALJ found the opinion "persuasive," (AR 32). To be clear, contrary to Plaintiff's contention, this is the same testimony that was the basis for the ALJ's finding that Plaintiff was markedly limited in ability to concentrate, persist or maintain pace. (*Compare* AR 26 ("With regard to concentrating, persisting or maintaining pace, the claimant has a marked limitation. Based on Dr. Aminian's review of the record, he testified that the claimant's anxiety and depression interferes with this area and it would be moderately to severely impaired.") and AR 54–55 ("I would say that [Plaintiff's ability to concentrate, persist or maintain pace] is impaired."), *with* (Doc. 14 ("In

this case, the ALJ did not rely upon a specific medical source to find that [Plaintiff] is markedly limited in the ability to concentrate, persist, or maintain pace.”))).

Plaintiff contends that because “Dr. Aminian effectively confirmed that complex tasks could not be performed,” Dr. Aminian “effectively explained that Martinez’s limitations are work-preclusive.” (Doc. 19 at 5). But Plaintiff’s second claim does not follow from the first.

It is true that Dr. Aminian opined that, as put by Plaintiff, “doing complex work is not appropriate for [Plaintiff],” (Doc. 19 at 5 (citing AR 55–56)). And it is further true that the ALJ construed and translated this opinion as meaning that Plaintiff had a marked limitation in his ability to concentrate, persist or maintain pace. (AR 26). Thus, as the Court has already found, Plaintiff is correct that the ALJ was then required to incorporate that functional limitation caused by a non-severe impairment when formulating the RFC. *See* 20 C.F.R. §§ 404.1523, 404.1545(a)(2).

Where Plaintiff’s logic faulters is in the contention that crediting and incorporating an opinion that Plaintiff could not complete complex tasks is necessarily work-preclusive. Instead, an inability to complete complex tasks is just that—an inability to complete *complex* tasks. No more, no less. Such an opinion is not preclusive of a finding that Plaintiff can complete simple tasks. *See, e.g.*, *Ebony B. v. Berryhill*, 2019 WL 1296875, at *3 (C.D. Cal. Mar. 21, 2019) (finding no meaningful distinction between “simple tasks” and “non-complex tasks”; “simple” is consistent with “non-complex”); *Burtenshaw v. Berryhill*, 2018 WL 550590, at *4 n.4 (C.D. Cal. Jan. 23, 2018) (finding phrases “simple, repetitive tasks” and “non-complex, routine tasks” to be substantially similar according to their respective definitions in the Oxford dictionary).

There may be cases in which a limitation to simple, routine tasks does not adequately capture marked limitations in the ability to concentrate, persist, or maintain pace; as that functional category encompasses a broad range of more specific limitations. *See, e.g.*, *Brink v. Comm’r Soc. Sec. Admin.*, 343 F. App’x 211, 212 (9th Cir. 2009). But where, as here, a limitation in the ability to concentrate, persist, or maintain pace is based exclusively on an opinion that “complex work is not appropriate for [Plaintiff],” (AR 55–56), the Court finds that a limitation to non-complex or simple work is sufficient to account for any deficit in Plaintiff’s ability to concentrate, persist, or maintain pace.

In sum, the court finds that the ALJ’s RFC is supported by substantial evidence as it

sufficiently translated and incorporated a credited medical opinion regarding Plaintiff's limitations—even limitations caused by non-severe impairments—into the RFC.

## V. CONCLUSION AND ORDER

Based on the foregoing, the Court finds that the ALJ's decision is supported by substantial evidence and is therefore AFFIRMED. The Clerk of this Court is DIRECTED to enter judgment in favor of Defendant Frank Bisignano, Commissioner of Social Security.

IT IS SO ORDERED.

Dated: **November 5, 2026**

Erin Sunny Castillo

UNITED STATES MAGISTRATE JUDGE